## MORRISON VS. THE STATE.

1. STATUES: *Construction of, rule for:*

It is an established rule for the construction of statutes that all acts passed upon the same subject or *in pari materia* must be taken and construed together and made to stand, if capable of being reconciled, but if irreconcilable the provisions containing the latest expressions of the legislative will must prevail.

2. SAME: *Same: Appeal bonds in misdemeanor cases:*

It was not the intention of this Court to decide in *Deavers v. The State*, 34 *Ark.*, 188, that the whole act conferring exclusive jurisdiction in misdemeanors upon Justices' courts, was unconstitutional, but only the first section of it. The second section is separate and distinct from the first—not in conflict with the Constitution, and is valid. But under the 7th Sec. of the Act of March 22, 1881, appeal bonds must be approved by the Justice rendering the judgment appealed from, instead of the clerk of by the Circuit Court, as before.

3. CRIMINAL PRACTICE: *Amending appeal bond:*

When an appellant from a Justice's judgment in a criminal case has filed an imperfect appeal bond, the Circuit Court may, in its discretion, allow him to file another.

APPEAL from *Jackson* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Dodge & Johnson* for appellant.

*Sec.* 2140 *Gantt's Dig.* was literally complied with, not only as to the *appeal bonds,* but also as to the supersedeas bond.

*Sec.* 7, *Acts* 1881, *p.* 151, refers only to *supersedeas* bonds and not *appeal* bonds. *Sec.* 2104 is still in force, and is the only law in force regulating appeals from Justice's Courts.

*C. B. Moore*, Attorney General, for the State.

ENGLISH, C. J. On the 1st of December, 1882, C. B. Morrison was tried before a Justice of the Peace of Jackson

county, on a charge for assaulting R. A. Spinks, a constable, found guilty, fined $10, and judgment was rendered against him for the fine and $6.15 costs.

On the next day, he filed in the office of the Clerk of the Circuit Court of Jackson county a transcript of the proceedings and judgment of the Justice; and he and a surety executed the following bond, which was approved by the Clerk:

"Jackson Circuit Court. B. C. Morrison, appellant, vs. State of Arkansas, appellee:

"Appeal and Supersedeas Bond.

"B. C. Morrison having prayed an appeal to the Jackson Circuit Court from the judgment rendered by —— Cavaness, a Justice of the Peace of Jackson county, against said appellant for a fine of ten dollars and costs. Now if said judgment is affirmed we covenant to pay the costs of the appeal, and also the judgment that shall be rendered in the appeal. Witness our hands, this 2d day of December, 1882.

B. C. MORRISON,

DAZAR HIRSCH."

"Approved Dec. 2d, 1882.

R. W. BANDY, Clerk."

Upon the execution of this bond, the Clerk issued a supersedeas, which was served on the Justice, &c.

At the following March term of the Circuit Court of Jackson county (1883) the Prosecuting Attorney moved to dismiss the appeal on the ground that no appeal bond had been filed in the case as by law required.

The Court sustained the motion, and dismissed the appeal, at the costs of appellant, and he excepted, and appealed to this Court.

*Sec.* 2104, *Gantt's Digest*, provides that:

"When the defendant (in a criminal case) desires to appeal from a judgment of a Justice's Court, he shall obtain from

Morrison v. The State.

the Justice a copy of the warrant or summons and of the judgment, and a statement of the costs, and file them in the Clerk's office of the Circuit Court, and cause to be executed, by good security, to be approved by the Clerk, a covenant to pay the costs of the appeal in the event of the affirmance of the judgment, and, if he desires to suspend the collection of the judgment, a further covenant to pay the judgment which may be rendered against him on the appeal."

Thereupon, the Clerk is required by section 2105 to docket the appeal, &c., and issue a certificate of the appeal; and if the covenant be executed for that purpose, a certificate that the collection of the judgment is suspended; which section 2106 requires to be served on the justice, &c.

No Judgment could be rendered against the surety in such appeal bond, until after return of execution unsatisfied upon judgment against the defendant and *scire facias* to the surety. *Sec.* 2112.

It was manifestly under the above provisions of Gantt's Digest, that appellant executed the appeal bond, (or covenant as it is termed in the statute,) in this case. It is in the form furnished by the code makers. *Gantt's Digest., p.* 1073.

The first section of the act of March 15th 1879 (Acts of 1879 p. 84) attempted to give justices of the peace exclusive original jurisdiction of all misdemeanors, except false imprisonment, malfeasance and misfeasance in office, as to which, only, the Circuit Courts were allowed to exercise concurrent jurisdiction.

State v. Devers explained. In *State v. Devers*, 34 *Ark.*, 188, it was decided that it was not in the power of the Legislature thus to deprive Circuit Courts of their original jurisdiction of misdemeanors, and that the act was invalid. It was not the intention of the Court, however, to declare the whole act to be unconstitutional, but its first section only, which attempted to de-

prive Circuit Courts of concurrent original jurisdiction with justices of the peace, of misdemeanors. The second section of the act, which relates to appeals, is dictinct and separate from the first, and violates no provision of the constitution, and the first may be treated as if stricken out, and the second left standing. *Kate Marsh v. State* 36 *Ark.*, 361.

The second section provides: "That any person who shall be convicted of any misdemeanor by a justice of the peace shall have the right of an appeal to the Circuit Court by complying with the law now in force in reference to appeals in criminal cases from the judgment of justices of the peace to the Circuit Court, and upon the appellant executing bond with approved security in double the amount of the fine and costs, conditioned that the appellant will prose · cute his appeal without delay, and if on such appeal the judgment of the justice is affirmed, or if on trial a new, judgment is given against appellant, he shall satisfy the judgment, or if his appeal is dismissed, he shall satisfy the judgment of the justice with all cost; and that no appeal shall be allowed until the execution and approval of such bond."

Appeal bonds from J. P. in criminal cases.

Under this section, appellant had to file a transcript of the judgment, &c., of the justice, in the office of the Clerk of the Circuit Court, as under section 2104 of Gantt's Digest, above copied, but he could not obtain the allowance of an appeal, or a supersedeas, until he executed bond with approved security, in double the amount of the fine and costs, conditioned as provided. The clerk had to take and approve the bond, and issue the supersedeas.

But section 7 of the Act of March 22d, 1881, (Acts of 1881, p. 151), made a further change in the law regulating appeals from judgments of Justices of the Peace to Circuit Courts in Criminal cases. It provides: "That in all cases where a person has been convicted of a misdemeanor, and hall appeal, there shall be no supersedeas of the judgment,

Morrison v. The State.

unless bond shall be given, with approved security, conditioned for the payment of the fine and all costs of prosecution; which said bond shall be approved by the Court or Justice of the Peace rendering the judgment, and shall be transmitted to the Appellate Court. In cases of conviction judgment shall be rendered on such bond against principal and sureties without further notice."

1. STAT-
UTES:
Rule for
construc-
tion of.

It is an established rule in construing statutes, that all acts passed upon the same subject, or *in pari materia*, must be taken and construed together, and made to stand, if capable of being reconciled; *McFarland v. State Bank*, 4 *Ark.*, 410. If any of their provisions are in irreconcilable conflict, the provisions which are the latest expressions of the legislative will must prevail.

Appeal
bonds must
be approved
by J. P.

Under the former Acts, the appeal bond had to be taken and approved by the Clerk, upon the filing of the transcript of judgment, &c., of the justice in his office; but under the 7th section of the Act of 22d March, 1881, the bond has to be approved by the Justice rendering the judgment appealed from, and transmitted to the Appellate Court.

There is nothing in this section in conflict with the provision of the second section of the Act of March 15, 1879, that no appeal shall be allowed until the execution and approval of the bond.

Passing over other objections to the appeal bond in question, it was not approved by the Justice who rendered the judgment appealed from, and transmitted to the Appellate Court, and no judgment could have been rendered upon it in case of conviction, against the principal and sureties therein without notice, &c. In other words it was not a valid statutory bond.

Appeal
bonds from
J. P. amend-
able.

As there is some confusion in the Acts regulating appeals from judgments of Justices of the Peace to the Circuit Court in criminal cases, the Court below might, in its discretion, have permitted appellant to file another and valid appeal

bond, had he asked permission to do so, but he did not, and the judgment dismissing his appeal must be affirmed.