Andie O. PATTY *v.* STATE of Arkansas

CR 76-59                                             542 S.W. 2d 494

Opinion delivered November 1, 1976
(In Banc)

*John Norman Warnock,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Sam I. Bratton Jr.,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Andie O. Patty was convicted at a jury trial for manufacturing marijuana, a controlled substance, in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1975) and was sentenced to seven years in the penitentiary.

As a result of a search conducted by law enforcement officers, about 60 young marijuana plants were found growing under apparent cultivation on the appellant's premises, with one large plant growing in her backyard. Some marijuana seed and cigarette butts containing marijuana were found in her house. The plants were confiscated and the appellant readily admitted to the police officers that the plants belonged to her; that she planted the seed and was producing the marijuana for her own use. The appellant Patty testified at her trial that she made a tea from marijuana seed and extracted juice from the marijuana plants and drank the tea and juice as a cure and to prevent the recurrence of cancer, and that this treatment had been very effective for that purpose. She said she intended to harvest the young marijuana plants within about a week after she was arrested and the plants were confiscated. She said she intended to extract the juice from the plants by running them through a juicer, and intended to drink the juice for the cure and prevention of cancer which she thought was recurring in her body. The

appellant was originally charged with the possession of marijuana for the purpose of delivery or sale and with manufacturing marijuana. She was acquitted on the charge of possession with intent to sell but was convicted, as already stated, on the charge of manufacturing.

On appeal to this court the appellant has designated eight points on which she relies for reversal but we shall not discuss them separately because most of them were based on the contention that by statutory exemption marijuana may be legally grown by an individual for his own use. This contention was advanced and rejected on the second appeal in the case of *Bedell v. State,* 260 Ark. 401, — S.W. 2d — (1976), which opinion was handed down on the same day the case at bar was orally argued. In *Bedell* we said:

> The appellant is mistaken in his argument that the manufacture of a controlled substance for one's own use is not an offense. The personal-use exemption applies only to the preparation or compounding of such a substance. Ark. Stat. Ann. § 82-2601 (m) (Supp. 1975). Manufacture, however, includes production, which in turn includes planting, cultivating, and growing the substance. § 82-2601 (u). There is abundant proof that Bedell was growing marijuana on his farm. In fact, he so admitted on the witness stand.

Ark. Stat. Ann. § 82-2601 (m) (Supp. 1975), above referred to, reads as follows:

> "Manufacture" means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use or the preparation, compounding, packaging, or labeling of a controlled substance.

The appellant also argues that there are two sections of the statute providing different penalties for the manufacture of marijuana and that the trial court erred in not reducing the charge against the appellant to the lesser penalty set out in Ark. Stat. Ann. § 82-2618 (Supp. 1975) which reads as follows:

DISTRIBUTION—Criminal penalties.

(a) It is unlawful for any person:

(1) who is subject to this Act [§§ 82-2601 — 82-2638] to distribute or dispense a controlled substance in violation of Section 2 [§ 82-2616] of Article III;

(2) to manufacture a controlled substance not otherwise authorized by the laws of this State, or to distribute or dispense a controlled substance not authorized by the laws of this State;

(3) to refuse or fail to make, keep or furnish any record, notification, order form, statement, invoice or information required under this Act;

(4) to refuse an entry into any premises for any inspection authorized by this Act; or

(5) knowingly to keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place, which is resorted to by persons using controlled substances in violation of this Act for the purpose of using these substances, or which is used for keeping or selling them in violation of this Act.

(b) Any person who violates this Section is guilty of a crime and upon conviction may be imprisoned for not more than one [1] year, fined not more than $25,000 or both.

It will be noted that this provision was contained in the original Controlled Substances Act, Act 590 of 1971. The 1971 Act was amended by Act 186 of 1973 whereby marijuana was removed from Schedule I of the original Act and was placed in separate Schedule VI along with tetrahydrocannabinol, and the penalty for manufacturing marijuana is provided for in § 82-2617 which reads in part as follows:

(ii) any other controlled substance classified in Schedule I, II, III, or VI is guilty of a felony and upon conviction

may be imprisoned in the state penitentiary for not less than three (3) years nor more than ten (10) years, fined not more than $15,000, or both.

There has been considerable confusion growing out of the amendments to the Controlled Substances Act pertaining to marijuana. See *White* v. *State,* 260 Ark. 361, 538 S.W. 2d 550 (1976), and *Bedell* v. *State,* 257 Ark. 895, 521 S.W. 2d 200. "Manufacture" includes "production" and "propagation" (§ 82-2601 [m]) and "production" includes the manufacture, planting, cultivation, growing or harvesting of a controlled substance (§ 82-2601 [u]).

The appellant admitted that she planted, cultivated and grew marijuana and intended to harvest it. She contended, however, that she could not be guilty of manufacturing marijuana because the term "manufacture" did not include the preparation for her own use and she intended to extract the juice from the plants for her own use. The fallacy of this contention lies in the fact that the appellant was not charged, tried or convicted for the "conversion or processing of a controlled substance" or with manufacturing a controlled substance "by extraction from substances of natural origin." She was charged, tried and convicted for manufacturing the marijuana by planting, cultivating and growing it, which apparently is the only way it can be manufactured or produced, and the personal reasons one has for such production are of little consequence.

The appellant argues that a witness, Lelland Walker, invoked his Fifth Amendment rights against self-incrimination when called to testify and the prosecuting attorney argued to the jury that Walker was afraid of self-incrimination because he had purchased marijuana from the appellant. The prosecutor's argument and any objections thereto are not abstracted, and the appellant's contention she was entitled to a mistrial is without merit. Furthermore, the appellant was acquitted of possession with intent to sell or deliver.

The appellant contends, however, that she learned after the jury returned its verdict that one Curtis Willingham had heard an adverse witness, Mr. Turner, tell Walker that he could invoke his Fifth Amendment rights and did not have to

testify. It appears that Willingham was called as a witness by the appellant in support of her motion for a new trial, but the trial court sustained the state's objection to Willingham's testimony offered out of the presence of Turner and Walker as hearsay. Apparently the state did not participate in any alleged discussion between Turner and Walker and no proffer as such was made of what Willingham would have testified.

Furthermore, as already stated, the appellant was acquitted of possession of marijuana with intent to deliver or sell and was only convicted of manufacturing by growing it, which she readily admitted.

The judgment is affirmed.