Jimmy Roy JOHNSON *v.* STATE of Arkansas

CR 76-170                                   545 S.W. 2d 649

Opinion delivered January 31, 1977
(Division I)

*Claude E. Lynch, Jr.*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Joseph H. Purvis*, Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. From a jury verdict finding appellant Jimmy Roy Johnson guilty of selling a controlled substance (marijuana) and fixing the penalty at 8 years and a fine of $10,000 comes this appeal raising the issues hereinafter discussed.

POINT I. Appellant contends that the penalty provisions of Ark. Stat. Ann. § 82-2617 (a) (1) (ii) (Supp. 1975) and of Ark. Stat. Ann. § 82-2618 (a) (2) (Supp. 1975) are in irreconcilable conflict because the former makes selling and distribution of marijuana a felony while the latter makes it a misdemeanor. Therefore, under the rule that penal laws are to be strictly construed in favor of the defendant, appellant contends that he was entitled to have the conflict resolved in his favor — thus reducing the penalty imposed to the misdemeanor proscribed in Section 82-2618 (a) (2), *supra.* In making his contentions that the two sections are in irreconcilable conflict and that we should apply the rule of strict construction in favor of the defendant in criminal cases, appellant overlooks other rules of construction such as that set out in *Morrison* v. *State,* 40 Ark. 448 (1883), where we said:

> "It is an established rule in construing statutes that all acts passed upon the same subject, *or in pari materia,* must be taken and construed together, and made to stand, if capable of being reconciled; . . . If any of their provisions are in irreconcilable conflict the provisions which are the latest expressions of the legislative will must prevail."

In connection with the rule that the latest expression of the legislative will must prevail, we note that Ark. Stat. Ann. § 82-2617 (a) (1) (ii), *supra,* was amended by Acts 1973, No. 186 to specifically provide that a delivery of marijuana would constitute a felony and since that is the latest expression of the legislative will it should supersede any conflict between the two provisions. See *Patty* v. *State,* 260 Ark. 539, 542 S.W. 2d 494 (1976).

POINT II. Appellant here contends that the trial court erred in allowing the State to strike a juror that had previously been accepted by both the State and the defense. The

record shows that the juror had attended high school with the defendant and was an in-law of defendant's attorney. Furthermore, the record shows that the State had somewhat reluctantly accepted the juror at first in a good faith effort to get a jury from the existing panel and that the tardy request to strike came after it was apparent that additional prospective jurors had been called. Under the circumstances, we cannot say that the trial court abused its discretion in permitting the tardy strike by the State. See Ark. Stat. Ann. § 43-1914 (Repl. 1964).

POINT III. Appellant here contends that he was entitled to a mistrial because of some leading questions of the State upon redirect of the undercover policeman. The record shows that when the State started making leading inquiries, appellant at first objected generally. At that point the objection was overruled by the court who explained that appellant had opened up the subject. Thereafter, in connection with an objection that the State was leading the witness, the court did sustain an objection. Finally, the court instructed the jury to disregard all of the testimony relative to the search of appellant's home. Under the circumstances and as against the objections made, we cannot say that on the record before us, the trial court erred in failing to grant a mistrial. As has often been pointed out, a mistrial is a rather drastic measure and one in which a trial court has a wide latitude of discretion.

Finally, appellant asserts that he should have been permitted to call the sheriff to rebut the testimony elicited by the State through leading questions. However, in view of the fact that the trial court struck all such evidence, we cannot say that error was committed in the refusal to permit appellant to rebut that which the jury was told to disregard.

POINT IV. Appellant here lists a number of occasions in which he contends that the trial court erred in allowing the State to ask leading questions. We have noted in a number of decisions that the existence of a leading question in a trial record does not necessarily indicate prejudicial error and that some utilization of leading questions is within the discretion of the trial court. See *West* v. *State,* 209 Ark. 691, 192 S.W. 2d 135 (1946). On the record before us we cannot

say that the trial court abused its discretion in the matter.

Affirmed

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.