Daniel Eugene BROTHERS *v.* STATE of Arkansas

CR 76-200                                           546 S.W. 2d 715

Opinion delivered February 14, 1977
(Division II)
[Rehearing denied March 21, 1977.]

*McDaniel & Gott*, by: *Bobby McDaniel*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Jack T. Lassiter*, Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Daniel Eugene Brothers was convicted of possession of a controlled substance with intent to deliver, under Ark. Stat. Ann. § 82-2617(a) (Supp. 1975), and sentenced to 6 years in the Arkansas Department of Correction and fined $1,000. From that conviction Brothers appeals.

His first contention is that the charge should be reduced to a misdemeanor because the penalty provisions of § 82-2617(a)(1)(ii) and of § 82-2618(a)(2) are conflicting since the former makes possession with intent to deliver marijuana a felony while the latter makes it a misdemeanor.

Appellant urges that since he is entitled to have any ambiguity resolved in his favor the court erred in failing to instruct the jury that possession with intent to deliver was a misdemeanor.

This issue was decided contrary to appellant's position in *Johnson v. State*, 261 Ark. 13, 546 S.W. 2d 719 (1977), wherein the Court had before it the same statutory provisions we have here. In *Johnson* attention was directed to *Morrison v. State*, 40 Ark. 448 (1883), quoting:

> It is an established rule in construing statutes that all acts passed upon the same subject, or in *pari materia*, must be taken and construed together, and made to stand, if capable of being reconciled; . . . . If any of their provisions are in irreconcilable conflict, the provisions which are the latest expressions of the legislative will must prevail.

Section 82-2617(a)(1)(ii), *supra*, was amended by Act 186 of 1973 to specifically provide that a delivery of marijuana would constitute a felony. Since this amendment is the latest expression of the legislative will on the issue it must prevail and the court was correct in refusing to reduce the

charge to a misdemeanor. See also *Patty* v. *State*, 260 Ark. 539, 542 S.W. 2d 494 (1976).

Appellant next contends the court erred in failing to require the State to disclose the name of the confidential informant relied upon by officers in obtaining the warrant. In the instant case appellant was not charged with the sale of marijuana to the informant. The informant only supplied the "lead" to law enforcement officers establishing the probable cause for issuance of the search warrant.

In *McCray* v. *Illinois*, 386 U.S. 300, 87 S. Ct. 1056, 18 L. Ed. 2d 62 (1967), the Supreme Court held that when the issue is not guilt or innocence, but probable cause for search, and the State relies in good faith on credible information supplied by a reliable informant, no due process right is violated by the assertion of informant's privilege.

No confrontation clause violation occurred since the information supplied by the tipster was not used at trial. See *Cooper* v. *California*, 386 U.S. 58, 87 S. Ct. 788, 17 L. Ed. 2d 730 (1967), and *McCray, supra*.

We find no merit to the contention that the affidavit did not establish probable cause for the search. The information was from a reliable informant according to Deputy Sheriff Findley, and the informant advised Findley that he had made purchases at appellant's residence on several occasions and had seen a large bag of marijuana there.

Appellant also contends the warrant itself was deficient in several particulars, one being that Rules of Crim. Proc., Rule 13.2(c) (1976) requires the warrant should provide for execution between the hours of 6 a.m. and 8 p.m. unless special circumstances are shown, and none were shown in the warrant. The record reflects the search was started about 8 p.m. and completed as soon thereafter as possible. We do not find this to be a material violation of Rule 13.2(c) when viewed in the light of Rule 16.2(e), which states in pertinent part:

> Determination. A motion to suppress evidence shall be granted *only if* the court finds that the *violation* upon which it is based was *substantial*, or if otherwise required

by·the Constitution of the United States or of this state. (Italics supplied.)

In this particular case the failure to strictly comply with Rule 13.2(c) was not willful, no additional invasion of privacy occurred, and appellant suffered no prejudice. Therefore, suppression was not warranted.

Appellant also alleges noncompliance with the Return of Search Warrant provisions in Rule 13.4. The rule requires that:

> (b) An officer who has executed a search warrant . . . , shall, as soon as possible and not later than the date specified in the warrant, return the warrant to the issuing judicial officer together with a verified report of the facts and circumstances of execution, including a list of things seized.

The State introduced what was in effect a return but it was mistakenly marked "Investigative Report," and some of the articles seized were not itemized. However, we do not find this prejudicial since the report contained all the essential information. There were no omissions or inaccuracies which would create a substantial violation of Rule 13.4; therefore, the trial court properly refused the motion to suppress on this ground. However, attention should be called to the fact that the criminal rules were adopted as important guidelines "to protect the fundamental rights of the individual while preserving the public interest," and we take a critical view of any failure to comply with the rules.

The trial court properly refused to grant appellant's motion for a directed verdict since the evidence was certainly sufficient to sustain the conviction.

We also have considered appellant's other allegations, but finding no reversible error the cause is affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.