## Bobby J. NORRIS *v.* STATE of Arkansas

CR 77-45                                        555 S.W. 2d 560

Opinion delivered September 12, 1977
(In Banc)
[Rehearing denied October 17, 1977.]

*Nabors Shaw, Robert L. Shaw* and *James D. Emerson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant's first conviction upon the present charge of delivery of marihuana was reversed on appeal. *Norris* v. *State,* 259 Ark. 755, 536 S.W. 2d 298 (1976). The essential facts are stated in that opinion. Upon a retrial the appellant was again convicted and was sentenced to imprisonment for three years and to a fine of $1,- 000. We find no merit in either of his contentions for reversal.

First, it is argued that the jury panel should have been quashed because two of the jury commissioners who selected

the wheel of jurors had served on a petit jury within the preceding two years and had in fact served on the petit jury which convicted the appellant at his first trial. The pertinent statutes provide: (*a*) Jury commissioners shall possess the qualifications for petit jurors (Ark. Stat. Ann. § 39-201 [Supp. 1975]); (*b*) a petit juror is ineligible to serve for two years after he is excused from further service (§ 39-103); (*c*) except by consent of the parties a person cannot serve as a petit juror in a case if he was a petit juror in a former trial of the cause (§ 39-105); and (*d*) no person shall be appointed as a jury commissioner who has served in that capacity within the preceding four years (§ 39-202). It is argued that the effect of the statutes is to disqualify the two jury commissioners in question.

The court was right in refusing to quash the jury panel. No possibility of prejudice is shown. Polk County has some 8,000 registered voters, as we know by judicially noticing the records of the Secretary of State's office. *Mid-State Homes* v. *Knight*, 237 Ark. 802, 376 S.W. 2d 556 (1964). The jury wheel should therefore contain the names of at least 600 prospective petit jurors. § 39-205. There is no suggestion that either commissioner had any animosity toward the appellant. It would be patently impossible for two jury commissioners, out of a total of from three to twelve commissioners, to influence the selection of more than 600 names in such a way as to adversely affect the trial in a pending marihuana case. Moreover, we do not think the two commissioners were even technically disqualified to serve. The restrictions upon a petit juror's frequency of service go to his eligibility, not to his qualifications. The legislature has specifically provided only that a jury commissioner be ineligible to serve in that capacity oftener than once every four years. We do not take the statutory reference to a petit juror's qualifications, as distinguished from his eligibility, to disqualify the two commissioners. To the contrary, it may well be desirable that a jury commissioner have prior experience as a juror. The circuit judge, especially in view of the total lack of any showing of prejudice, correctly overruled the challenge to the panel.

Second, it is argued that delivery of marihuana is not an offense under Arkansas law. Counsel rely upon *White* v. *State*, 260 Ark. 361, 538 S.W. 2d 550 (1976), holding that under the

statutes then in force the mere possession of marihuana was not a misdemeanor. That case does not support the present contention, even by analogy, because in two more recent decisions, both directly in point, we have held that the delivery of marihuana is now a felony. *Brothers* v. *State,* 261 Ark. 64, 546 S.W. 2d 715 (1977); *Johnson* v. *State,* 261 Ark. 13, 546 S.W. 2d 719 (1977). Those two decisions are controlling.

Affirmed.