Joe Edward PRIDGEON *v.* STATE of Arkansas

CR 77-150                                          559 S.W. 2d 4

Opinion delivered November 14, 1977
(Division II)
[Rehearing denied January 9, 1978.]

*Reinberger, Eilbott & Smith,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of possession of a controlled substance with intent to deliver and his sentence assessed at thirty years' imprisonment and a $15,000 fine. We first consider and find merit in appellant's

contention that the court erred in refusing his motion for a mistrial after written statements, containing offers of immunity, of two prosecuting witnesses were admitted into evidence.

A chronology of pertinent events is that approximately three months before trial, appellant's counsel filed a pretrial motion for discovery, specifically requesting the names of witnesses and any statements that tended to exculpate or mitigate the alleged offense. In response only the names of the witnesses were supplied although at that time it appears there were statements in the prosecution's file of two key state witnesses, Walker and Haire, which contained offers of immunity to each of them. The assurances of immunity were made by a deputy prosecuting attorney in return for their testimony against appellant. During appellant's voir dire of the prospective jurors, appellant's counsel asked a juror whether offers of immunity to key state witnesses would have any effect on her with respect to the credibility of these witnesses. A hearing was then held in chambers on the propriety of this question. The prosecutor assured the judge that he had made no offers of immunity and if one was made it was without his authority. One of the key state witnesses testified that he had not been offered immunity. Each of appellant's two counsel then stated that during an interview with this witness on the previous day, he had told them that he had been offered immunity on the possession charge in return for his testimony. Appellant's counsel had no other evidence of any offer of immunity. His counsel stated: "[O]n the basis of what we have heard in here that I will make a statement in open court and [apologize] to the Court for the statement that the State promised immunity and state that it was not the State's offer, the Prosecuting Attorney's offer nor the Court that offered any immunity . . . . " As to the questioned "weight" of the subject of immunity, the court responded: "I disagree with you because I think it carries a lot of weight. . . . and if it's there then I want to know about it." The court then ruled that there was no evidence of any agreement not to prosecute the state's witnesses and asked appellant's counsel if they objected to the court's announcing this to the jury. Appellant's counsel replied: "I can't object to it, we have no way of going to the State." The judge then in-

structed the jury that there was no such agreement and to disregard the question.

Subsequently two witnesses, essential to the state's case, including the one who had disclaimed immunity in the voir dire proceeding, testified. They were "users" or addicts and present when appellant was arrested on this alleged offense. On cross-examination by appellant's counsel, each witness admitted that he had been offered immunity by a deputy prosecutor in exchange for his testimony. The court ordered the written statements made available to appellant's counsel. These statements, each containing offers of prosecutorial immunity by a deputy prosecutor, were admitted into evidence. A motion for mistrial was made by appellant's counsel. The basis was that a key witness' pretrial written statement containing a promise of immunity, was in possession of the prosecutor's office and the court, being assured no promise existed, had told the jurors that no immunity had been promised. The court denied the motion as well as a subsequent motion for a new trial on the same basis.

We first observe that a deputy prosecutor's promise of leniency to a key witness in return for his testimony is attributal to the government with a duty to disclose regardless of whether the assistant had authority to make the promise or informed his superior of its existence. *Giglio* v. *United States*, 405 U.S. 150 (1972). Here it is undisputed that promises of immunity were made to essential witnesses by a deputy prosecutor even though it be said the prosecutor himself was not aware of such a promise until it became known during the trial.

Appellee contends, however, that there was no prejudice demonstrated here since appellant was afforded the written statements preceding cross-examination. Even so, appellee overlooks the fact that appellant was denied the opportunity to pose questions to prospective jurors regarding whether they would consider offers of immunity in determining the witnesses' credibility and, thereby, prevented effective use of that information in exercising his peremptory challenges. *Griffin* v. *State*, 239 Ark. 431, 389 S.W. 2d 900 (1965). Here the prejudice is heightened by the fact that the court, in the

belief that no offer of immunity existed, had instructed the jury that no offers of immunity had been made. "Fairness is a requirement of due process." *Petition of Wright,* 282 F. Supp. 999 (W.D. Ark. 1968). See also *Smith* v. *Urban,* 245 Ark. 781, 434 S.W. 2d 283 (1968). Here prejudicial error was sufficiently demonstrated to warrant a new trial.

Appellant next contends that the court erred in refusing his motion to suppress evidence obtained under an invalid search warrant. The police officer's affidavit for the search warrant, dated August 15, 1976, stated that the affiant had reason to believe that heroin was being concealed where appellant resided. The underlying facts supporting this conclusion are: since January, 1972, sixty reports of violation were received about appellant selling heroin; since January, 1976, ten such reports were received; on August 14, 1976, a "cooperating individual" gave information the officers "knew to be true and accurate" and said he could buy heroin from appellant at his mother's residence; this individual and his vehicle were searched by police and no drugs were found; he was then given money to buy heroin; he was followed by officers to the described residence where the officers observed the individual go inside and shortly come out; he was then followed by the officers to a prearranged meeting place where he gave one of them a foil package containing brown powder which, in affiant's presence, field tested positive for heroin; and he told the officers he had purchased the heroin from appellant. Appellant argues that the affidavit did not allege facts sufficient to constitute probable cause because it did not disclose the affiant's knowledge of the informant's reliability and credibility. We disagree. The facts recited in the foregoing affidavit surrounding the purchase of heroin by the informant the previous day indicated the reliability and credibility of the informant and, therefore, the existence of probable cause for the issuance of the search warrant. See *Shackleford* v. *State,* 261 Ark. 721, 551 S.W. 2d 205 (1977); and *Baxter* v. *State,* 262 Ark. 303, 556 S.W. 2d 428 (1977).

Appellant further contends that the warrant itself was invalid because it did not state the time within which the warrant was to be returned to the judicial officer as required by Rules of Crim. Proc., Rule 13.2 (b) (v). Further it was

defective because the warrant authorized its execution at any time day or night without the issuing officer indicating reasonable cause therefor as required by Rule 13.2 (c). The warrant was returned to the issuing officer within the five days allowed by Rule 13.2 (b) (v) and the search was conducted at 12:15 p.m., which is within the hours provided by Rule 13.2 (c). Under Rule 16.2 (e), a motion to suppress evidence is to be granted only if the court finds that the violation is substantial or if otherwise required by the Federal and State Constitutions. Here we perceive no substantial violation of the rules or a constitutional requirement. *Baxter* v. *State, supra; Shackleford* v. *State, supra;* and *Brothers* v. *State,* 261 Ark. 64, 546 S.W. 2d 715 (1977).

Appellant also suggests the search was invalid because the warrant was not exhibited to the owner of the residence searched as required by Rule 13.3 (b). However, two of the officers conducting the search testified that the warrant was shown and explained to the owner of the residence. Appellant also asserts that the officers did not leave a copy of the warrant as required by § 13.3 (b) nor a receipt describing the items seized which is required by § 13.3 (d). Appellant offers no evidence that they did not do so and the search warrant states that a copy of the warrant and a receipt were given appellant in compliance with Rule 13.3. We perceive no irregularity and certainly no prejudice requiring invalidation of the search. See *Baxter* v. *State, supra.*

We deem it unnecessary to discuss other arguments for reversal.

Reversed and remanded.

We agree: FOGLEMAN, ROY and HICKMAN, JJ.