George A. LIPOVICH *v.* STATE of Arkansas

CR 78-183                                        576 S.W. 2d 720

Opinion delivered February 12, 1979
(Division II)

56

*Bill Webster,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of the offense of theft by receiving. Ark. Stat. Ann. § 41-2206 (Repl. 1977). His punishment was assessed at 10 years' imprisonment in the Department of Correction and a fine of $5,-000. The appellant contends the trial court erred in denying his motion to suppress evidence secured from a search of a truck. He argues that the warrantless search of a U-Haul truck which he had rented was in violation of Ark. Stat. Ann. Vol. 4A, Rules of Crim. Proc., Rule 14.1 (Repl. 1977), because at the time of the search, there existed neither probable cause that the vehicle contained stolen articles nor exigent circumstances to justify the warrantless search. We hold the trial court correctly denied the motion to suppress.

Appellant had rented a U-Haul truck for overnight. Six days later the police were notified that a vehicle was causing a traffic hazard on the highway. Upon investigation they found the unoccupied truck parked about 2 feet off the pavement and apparently abandoned. They determined the identity of the driver and the U-Haul dealer or owner. The dealer and another representative of the U-Haul Company agreed to remove the truck and accompanied the police to the truck's location where the sheriff and his deputies had been watching the truck. The U-Haul representatives identified the truck as their property and considered it stolen since its return was so long overdue. They refused to move it until it was opened and its contents checked since it could contain something hazardous to them or motorists. The police refused to open it since they had no authority. The owners then took the position they had authority pursuant to the rental contract and opened the truck by breaking the lock. The police in no way participated in the initial intrusion which revealed two organs, a piano and four benches. The police observed the articles, then entered the truck, inventoried or noted the serial

numbers of the items and impounded the vehicle and its contents. By this time they had learned that appellant was wanted by other authorities. Shortly thereafter, the appellant, who had left to get gasoline for the truck, arrived and was arrested on the outstanding charges. It was learned later that the items in the truck were stolen property and appellant was then charged with theft by receiving.

A warrantless inventory search of an abandoned vehicle is reasonable under the Fourth Amendment, in the absence of probable cause and exigent circumstances, as part of the police's "community caretaking functions" where the process is aimed at securing or protecting the vehicle, its contents and the public, rather than detecting or acquiring evidence relating to a criminal violation. *South Dakota* v. *Opperman,* 428 U.S. 364 (1976); *Cady* v. *Dumbrowski,* 413 U.S. 433 (1973); *Harris* v. *United States,* 390 U.S. 234 (1968); and *Perez* v. *State,* 260 Ark. 438, 541 S.W. 2d 915 (1976). Here the actions of the officers were reasonable and followed sound police practices. They were dealing with a vehicle reported as stolen, found abandoned and a hazard on a public highway.

A motion to suppress evidence should only be granted under Rule 16.2 (e) if the court finds that a substantial violation of our rules has occurred or if the federal or state constitutions otherwise require suppression. *Pridgeon* v. *State,* 262 Ark. 428, 559 S.W. 2d 4 (1977). Here we find no substantial violation of our rules nor infringement upon any constitutional rights.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.