STATE of Arkansas *v.* Ina L. JONES

CR 92-554                                    839 S.W.2d 184

Supreme Court of Arkansas
Opinion delivered October 12,1992

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Woodruff & Huckabay, P.A.*, by: *Curt Huckabay*, for appellee.

STEELE HAYS, Justice. Appellant, Ina L. Jones was charged with possession of cocaine with intent to deliver. Her motion to suppress the evidence was sustained and the state has appealed pursuant to Ark. R. Crim. P. 36.10(a) and 16.2(d).

At the suppression hearing arresting officers testified that they observed a vehicle spin its tires as it left an area under surveillance. The vehicle's tires squealed two more times and the car skidded slightly. Relying on a Blytheville traffic ordinance,

No. 1010, the police stopped the motorist, appellant Ina Jones, and asked permission to search her vehicle. Mrs. Jones's purse contained cocaine and a loaded .25 calibre automatic pistol.

At the conclusion of the hearing the trial court offered these comments:

> The question that comes up is whether or not that spinning your wheels must also include a disregard for persons, property, traffic controls and conditions then present. This was apparently late at night, wasn't anybody present but the police officer. I hardly see how it could indicate a disregard for persons, property, traffic controls and conditions then present. I am going to rule that the stop was not called for and that it was based only on a suspicion that she was involved leaving a high crime area driving a car that the police officer suspected was used for carrying narcotics, and I am going to say that the stop was illegal.

In the colloquy between court and counsel that followed the ruling, counsel for the state asked for specific findings as to whether Mrs. Jones had consented to the search:

> The Court: I am not getting as far as that. I would say that she did, if you want a finding of facts, but that was after the illegal stop and is void, in my opinion.

Counsel for the state then asked "whether or not the officer's testimony was credible with regards to what led up to his stopping her."

> The Court: If I can clarify my ruling, I am not going as far as ruling that she did skid or didn't skid. What I am ruling is, that the testimony by the officer who stopped her did not fulfill the requirements of Section One of the ordinance 1010, as there was no testimony whatsoever that there was a disregard for persons, property, traffic controls and conditions then present; and whether she skidded or whether she didn't skid, the actions without those things, or one of those things being present, was not a proper reason for the officer to stop her.

On appeal, the state submits the question presented is whether the trial court correctly interpreted the ordinance in light

of his findings, rather than a problem of search and seizure under the Fourth Amendment.

The ordinance reads:

Section 1. Hazardous driving is defined as the operation of a motor vehicle upon the streets, highways, alleys, public parking lots, private parking lots or upon private property within the city limits of Blytheville, Arkansas, in such a manner as to indicate a disregard for persons, property, traffic controls and conditions then present. Hazardous driving includes, but is not limited, to the following:

Starting or stopping a vehicle in such a manner that the tires of the motor vehicle lose traction and the vehicle slides from side to side, swerves, or otherwise deviates from its normal direct course or direction of travel. . . .

Application of power or accelerating a vehicle unnecessarily so as to cause it to spin, on the surface it is operating, producing noise and/or skidding or sliding.

The ordinance, as we read it, defines hazardous driving as driving which indicates a disregard for persons, property, traffic controls and conditions then present, including, but not limited to, starting or stopping a vehicle in such a manner that the tires lose traction and the vehicle swerves, or by accelerating unnecessarily so as to cause it to spin, producing noise or skidding, or both.

■ That is precisely what the state's testimony established and we are not persuaded that more is required. The trial court observed that it was late at night and there was no testimony that there was a disregard for persons, property, traffic controls or conditions. It is undisputed that the stop occurred between 9:00 and 9:30 p.m. in an area known as Cherokee Courts, but beyond that the record is silent as to the presence of other motorists, pedestrians or dwellings. We cannot agree, however, that it was the state's obligation under the ordinance to prove that appellee acted in disregard of persons or property. Appellee's proof was directed, not toward the ordinance, but to whether she had consented to the search, an issue the trial court did not reach. Appellee did not dispute the testimony that her tires spun and it was incumbent on her to establish grounds for the suppression of

the evidence seized by the state. *See State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 382 (1992); *Lipovich* v. *State*, 265 Ark. 55, 576 S.W.2d 720 (1979) and *Pridgeon* v. *State*, 262 Ark. 428, 559 S.W.2d 4 (1977); Ark. R. Crim. P. 16.2(e).

■ It should be kept in mind that we are not dealing with guilt or innocence under the ordinance, merely with whether there was probable cause to conclude the ordinance had been violated; therefore, the trial court's refusal to discredit the testimony that appellee's tires squealed and her car swerved leaves but one question to be decided — whether the state must prove not only the offending conduct charged by the state, but that particular persons or property were affected thereby. We think not, anymore than that the state must prove that particular persons are affected by a blaring stereo in violation of an anti-noise ordinance, or that other motorists are jeopardized by one who is charged with driving while intoxicated. It is enough that the precepts of such ordinances are breached. *Oliver* v. *State*, 284 Ark. 413, 682 S.W.2d 745 (1985) provides an analogue. Oliver, appealing from a conviction for DWI, argued that because under the Omnibus DWI Act of 1983 "intoxicated" is defined as a substantial impairment of a driver's reactions, motor skills and judgment, his conviction could not stand when the state failed to present evidence of his reactions, motor skills and judgment under normal conditions. We found no merit in the argument.

■ Appellee maintains that the ordinance is unconstitutionally vague, that due process requires adequate notice of what conduct is prohibited so that arbitrary and discriminatory enforcement is avoided. While those considerations may be pertinent where guilt or innocence is the issue, appellee has cited no authority which make them pertinent to probable cause proceedings, the purpose of which is merely to determine whether an officer has reasonable grounds to believe a crime has been committed. The proof in this case was essentially unchallenged that the appellee's driving came within the prohibition of the ordinance and, accordingly, there was probable cause to stop and investigate.

Reversed and remanded.