William Price FELAND, II *v.* STATE of Arkansas

CR 03-706 142 S.W.3d 631

Supreme Court of Arkansas
Opinion delivered January 22, 2004

*Doug Norwood* and *Susan Lusby*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant William Feland was convicted of driving while intoxicated and violating Fayetteville's noise ordinance. On appeal, he argues that the trial court should have granted his motion to suppress on the grounds that the noise ordinance is unconstitutional, and the police officer who pulled him over should have known of the ordinance's unconstitutionality.

This case was tried to the court on the following stipulated facts. Feland was driving his truck in the early morning hours of August 27, 2001, along Gregg Street in Fayetteville. A Fayetteville police officer observed that the vehicle's stereo was plainly audible at a distance of approximately seventy-five feet; the officer's car windows were rolled up, and Feland's were down. Because Fayetteville's noise ordinance prohibits vehicular stereos being plainly audible at a distance of more than thirty feet,[1] the officer initiated a traffic stop. Upon approaching the vehicle, the officer smelled a "very strong" odor of alcoholic beverages. The officer then conducted several field sobriety tests, and determined that Feland was intoxicated. Feland subsequently took both breathalyser and blood-alcohol tests, and each test registered above the legal limit. The City of Fayetteville charged Feland with driving while intoxicated, as well as with violating the noise ordinance.

---

[1] The ordinance provides that "[o]perating or causing to operate any sound amplification device from within a vehicle so that the sound is plainly audible at a distance of 30 feet or more from the vehicle whether in a street, a highway, an alley, parking lot or driveway, whether public or private property, is prohibited and declared to be a noise disturbance in violation of this ordinance."

Feland filed a motion to suppress illegally obtained evidence on October 18, 2002, arguing that he was illegally stopped and detained, and arrested without probable cause or a warrant. On December 9, 2002, Feland filed a motion to have the Fayetteville noise ordinance declared unconstitutional, alleging that the ordinance was overbroad, void for vagueness, and unreasonably interfered with private-property rights. He further asked the trial court to rule that the officer had no reasonable suspicion to stop Feland, based on the volume of the music emanating from the vehicle, and that a reasonable police officer would have known that the ordinance was unconstitutional.

In a letter order dated March 12, 2003, the trial court denied Feland's motion to suppress, finding that Feland could not raise a facial challenge to the alleged overbreadth of the ordinance, and that the ordinance was not unconstitutionally vague. Further, the court found that, even if the ordinance were unconstitutional, the officer who stopped Feland was acting reasonably and in good faith reliance on the ordinance. Having denied Feland's motion to suppress, the court found him guilty of violating the Fayetteville noise ordinance, and of driving while intoxicated. Feland was sentenced to ninety days, with eighty-nine days suspended, and ordered to pay $300 in fines and $150 in costs.

On appeal, Feland again raises the same four arguments set forth in his motion to declare the ordinance unconstitutional. In his first three points on appeal, he contends that the trial court erred in denying his motion to suppress, because the ordinance is overbroad, void for vagueness, and an unreasonable interference with private-property rights; in his fourth point, he asserts that the trial court erred in failing to find that a reasonable police officer would have known that the ordinance was unconstitutional. Of these four points, however, we need address only the last one.

In his final point, Feland argues that the trial court erred in refusing to suppress evidence that was obtained as a result of the traffic stop. Feland contends that, because noise ordinances in other jurisdictions have been held unconstitutional, the arresting officer here should have known that the Fayetteville noise ordinance violated both federal and state constitutional provisions. Consequently, the officer should have known that the ordinance was invalid and that he did not have reasonable suspicion to stop Feland for playing his car stereo too loudly.

In *Michigan v. DeFillippo*, 443 U.S. 31 (1979), the Supreme Court addressed the question of whether an officer lacked probable cause to believe that certain actions constituted a violation of the law simply because the officer should have known the ordinance making the conduct illegal was invalid. Answering this question in the negative, the Court wrote as follows:

> This Court repeatedly has explained that "probable cause" to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. [Citations omitted.]

> On this record there was abundant probable cause to satisfy the constitutional prerequisite for an arrest. At that time, of course, there was no controlling precedent that this ordinance was or was not constitutional, and hence the conduct observed violated a presumptively valid ordinance. A prudent officer, in the course of determining whether respondent had committed an offense under all the circumstances shown by this record, should not have been required to anticipate that a court would later hold the ordinance unconstitutional.

*DeFillippo*, 443 U.S. at 37-38. In a footnote, the Court further explained that the deterrent purposes of the exclusionary rule would be completely unserved by suppressing evidence seized as a result of what was, at the time of the arrest, a lawful arrest and a lawful search. "To deter police from enforcing a presumptively valid statute was never remotely in the contemplation of even the most zealous advocate of the exclusionary rule." *Id.* at 38, n.3.

This court has long recognized that an ordinance is entitled to the same presumption of validity that legislative enactments receive. *Harris v. City of Little Rock*, 344 Ark. 95, 40 S.W.3d 214 (2001) (citing *Lawrence v. Jones*, 228 Ark. 1136, 313 S.W.2d 228 (1958)). Thus, similar to a statute, an ordinance is presumed constitutional, and the burden of proving otherwise is upon the challenging party. *See Night Clubs Inc. v. Fort Smith Planning Commission*, 336 Ark. 130, 984 S.W.2d 418 (1999); *Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998); *Laudan v. State*, 322 Ark. 58, 907 S.W.2d 131 (1995). Any ordinance adopted by a city, within its scope and power, is valid, and every reasonable

presumption must be given in the city's favor that the ordinance is not arbitrary or unreasonable. *Wright v. City of Monticello*, 345 Ark. 420, 47 S.W.3d 851 (2001).

 This court has held that the good-faith exception to the exclusionary rule has been interpreted to extend to include evidence obtained by police who act in objectively reasonable reliance on a statute, even though that statute is later found unconstitutional. *See Starr v. State*, 297 Ark. 26, 759 S.W.2d 535 (1988) (citing *Illinois v. Krull*, 480 U.S. 340 (1987)). Here, the arresting officer (with his car windows rolled up) could hear Feland's music coming from his car from a distance of seventy-five feet away. This gave the officer more than a reasonable suspicion to believe that Feland had just committed a violation of the Fayetteville noise ordinance, and because ordinances are presumed to be constitutional, the officer reasonably relied on the validity of the noise ordinance to stop Feland. The trial court did not err in denying Feland's motion to suppress.

 We now briefly mention Feland's constitutional arguments and explain why we do not reach them. This court has frequently held that it will not address a constitutional argument when the case can be disposed of without doing so. *See, e.g., Quinn v. Webb Wheel Prods.*, 334 Ark. 573, 976 S.W.2d 386 (1998); *Foster v. Jefferson County Quorum Court*, 321 Ark. 105, 901 S.W.2d 809 (1995); *Attwood v. Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1982). In *Bell v. Bell*, 249 Ark. 959, 462 S.W.2d 837 (1971), the court explained that it would not pass upon constitutional questions when the litigation was disposed of without reaching the constitutional question, "since anything said on this point would be pure dictum[.]"

 In *State v. Jones*, 310 Ark. 585, 839 S.W.2d 184 (1992), we declined to reach a constitutional challenge to one of Blytheville's traffic ordinances, noting that the constitutionality of the ordinance "may be pertinent where guilt or innocence is the issue," but Jones cited no authority that would make such a constitutional challenge "pertinent to probable cause proceedings, the purpose of which is merely to determine whether an officer has reasonable grounds to believe a crime has been committed." *Jones*, 310 Ark. at 589. Here, Feland's constitutional claims are raised in

support of his suppression argument;[2] he does not challenge the sufficiency of the evidence supporting his convictions. Further, as noted above, there was clearly probable cause for the officer to believe Feland had committed a violation of the noise ordinance. Thus, because we can resolve Feland's suppression claim without reaching his constitutional arguments, it is our duty to do so. *See Herman Wilson Lumber Co. v. Hughes*, 245 Ark. 168, 431 S.W.2d 487 (1968).

Affirmed.

---

[2] Throughout his brief, and in his prayer for relief, Feland casts his argument to the effect that the trial court erred in denying his motion to suppress, and this court should grant his motion.