The Honorable Marilyn Edwards State Representative 2330 North Juneway Terrace Fayetteville, AR 72703
Dear Representative Edwards:
I am writing in response to your request for an opinion on the following:
 Please give me an opinion on the following issue relative to A.C.A. 6-18-702.
 There is a child daycare center in Fayetteville that asks if they must admit children who claim the philosophical exemption from vaccinations pursuant to A.C.A. § 6-18-702. The center receives no state funds, is within a church, and is a non-profit organization.
RESPONSE
No. In my opinion A.C.A. § 6-18-702 (Supp. 2003) as amended by Act 1994 of 2005 authorizes, but does not require, a private daycare center to admit a student who is not immunized if his parents or guardian object to immunization on religious or philosophical grounds when the daycare center receives no state funds.
The pertinent part of A.C.A. § 6-18-702 provides:
 (a) Except as otherwise provided by law, no infant or child shall be admitted to a public or private school or child care facility of this state who has not been age appropriately immunized from poliomyelitis, diphtheria, tetanus, pertussis, red (rubeola) measles, rubella, and other diseases designated by the State Board of Health, as evidence by a certificate of a licensed physician or a public health department acknowledging the immunization.
* * *
 (d)(1)(A) The State Board of Health shall promulgate rules and regulations to ensure that all exemptions provided by this section shall have a minimal effect on the health and safety of all children attending day care or kindergarten through grade twelve (K-12).
* * *
 (4)(A) The provisions of this section shall not apply if the parents or legal guardian of that child object thereto on the grounds that immunization conflicts with the religious or philosophical beliefs of the parent or guardian.
A.C.A. § 6-18-702.
I assume that the child you reference in your opinion has a properly authenticated certificate of exemption from the Arkansas Department of Health. If a statute is unambiguous, it will be read for its plain and ordinary language. Jones v. Double "D" Properties, 352 Ark. 39, 46,98 S.W.3d 405 (2003); see also Op. Att'y Gen. 2004-339.
Under the plain language of A.C.A. § 6-18-702, an unvaccinated child may not attend a public or private child care facility unless otherwise provided by law. Section (d)(4) provides that the immunization requirement is not mandatory if the appropriate philosophical exemption is granted by the Department of Health.
I do not believe that this statute creates a statutory right to admittance to a private school or child care facility. The statute plainly states that every child who is admitted to a school or child care facility shall be either immunized in accordance with the Department of Health requirements or possess a valid exemption from immunization certified by the Department of Health. There is no provision that requires admittance in the immunization statute. Arkansas Code Annotated § 6-18-702 does not require that a private entity accept a student who has an exemption rather than immunization. The applicable regulations also do not mandate admittance under such circumstances. See Department of Health "Rules and Regulations Pertaining to Immunization Requirements" at § V(a). Rather, every child admitted must be immunized or exempted from immunization. Furthermore, my research has not revealed any other statutory requirement that a private entity admit a child who is not immunized but who possesses a valid philosophical exemption.
In this situation, the daycare you have posited is a private actor that does not receive state funds, which I assume includes not participating in a voucher program with the Department of Human Services, Division of Child Care. While you do not expressly state whether or not federal funds are received by this daycare facility, I assume that there is no federal funding either for the purposes of this opinion. As a private entity receiving neither state nor federal funds, if the daycare wishes to exclude children who have not been immunized because of a valid philosophic or religious exemption, in my opinion there is no violation of A.C.A. § 6-18-702.[1]
In my opinion, Arkansas Code Annotated § 6-18-702 does not require a private child care facility to accept a child who has not been vaccinated because of a valid religious or philosophical exemption.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh
[1] I note that if this were a public facility or a program receiving state or federal funds directly or through a voucher program additional analysis would be required as to whether such exclusion would violate either the Arkansas or the United States Constitution. In the situation you have posited, however, there is no state action to implicate constitutional provisions and therefore I will not reach the constitutional issues. See, e.g. Feland v. State, 355 Ark. 573, 577,142 S.W.3d 631 (2004).