John Gregory ROBILLARD & Harvey Joseph
ROBILLARD *v.* STATE of Arkansas

CR 78-14                                  566 S.W. 2d 735

Opinion delivered June 12, 1978
(In Banc)

*Marshall N. Carlisle,* of *Murphy & Carlisle,* for appellants.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. John Gregory Robillard and Harvey Joseph Robillard were convicted of possession of marijuana with intent to deliver in the Washington County Circuit Court and sentenced to five and eight years, respectively, in the Arkansas Department of Correction.

On appeal they raise two issues: the court failed to quash a jury panel which was not selected strictly in accordance with Arkansas law; and, the court failed to require the state to disclose the name of its informant. We find no merit to either argument and affirm the judgment.

First, the issue regarding the composition of the jury. It seems that rather than using a pure random method of selection, the jury commissioners in Washington County first determined the percentage of a particular township's registered voters in relation to the percentage of registered voters in the county. The jury commissioners then compiled a list of jurors from each township. A township that contained 5% of the registered voters would be assigned 5% of the total jurors to be selected. The commissioners using a number chosen at random would proceed to select the jury panel by township.

Act 485 of 1975 [Ark. Stat. Ann. § 39-205.1 (Supp. 1977)], provides the method jury commissioners shall use to select prospective jurors. It provides that names shall be chosen by using a random number between one and one hundred and applied to the *total* voter registration list of the county. There is no provision for apportioning a percentage to any particular township.

The appellants do not really question the fairness of the system used in selecting jurors. They simply state that failure

to strictly follow the statute requires reversal. It is not necessary for us to reach the issue raised because the motion to quash the panel was not timely made, there was no prejudice shown, and, there is no allegation that the method of selecting jurors was unconstitutional.

The appellants' counsel did not make a motion to quash the jury until it had been impaneled. We have stated before that such a motion is untimely. See *Huckaby* v. *State*, 262 Ark. 413, 557 S.W. 2d 875 (1977). There was no showing in this case that with due diligence appellants' counsel would not have learned of this problem prior to impaneling the jury. Furthermore, no evidence of prejudice was offered, nor was there any argument that prejudice occurred. Finally, the argument goes only to compliance with an Arkansas statute rather than the unconstitutional composition of a jury.

As to the question of the informant, the facts are really not disputed. An officer testified that information was received from an undisclosed informant that a delivery of marijuana would be made at a certain time and place. The officers, acting on the tip, placed the residence under surveillance. On the morning in question the appellants appeared and started removing packages from a truck. The police saw that the appellants had packages wrapped in brown Mexican wrapping paper. The appellants were then arrested. Upon opening the packages, it was found they contained marijuana.

During the trial the appellants moved to require the state to disclose the name of its informant. The judge overruled the motion and we agree with that decision. In this case the informant simply provided a "tip" and the disclosure of the confidential informant was not critical to the defense of the case. The appellants were charged with possession with intent to deliver.

In *Bennett* v. *State*, 252 Ark. 128, 477 S.W. 2d 497 (1972) we required disclosure where the defendant was charged with the sale or delivery of drugs and the informant actually participated in the crime. We did not require disclosure where defendants were only charged with possession and an in-

formant supplied only a lead to the officers. *Brothers* v. *State,* 261 Ark. 64, 546 S.W. 2d 715 (1977).

We find no prejudice in the order of the court declining to require the state to disclose the name of the confidential informant.

Affirmed.

HOWARD, J., dissents.