Billy Ray JACKSON *v.*
STATE of Arkansas

CR 84-69                                  675 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered October 1, 1984

*Henry J. Swift,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

WEBB HUBBELL, Chief Justice. Appellant Billy Ray Jackson was convicted of possession of marijuana with intent to deliver, possession of valium, and possession of drug paraphernalia with intent to use. As an habitual

offender he was sentenced to consecutive terms of twenty years, six months, and twenty years for the respective offenses. Appellant seeks reversal because the trial court refused to quash a search warrant, suppress evidence seized pursuant to the warrant, and compel disclosure of a confidential informant. We affirm the convictions.

Appellant was stopped by police officers who had a search warrant for his home, his personal vehicle, and other vehicles at his residence. The officers found five pounds of marijuana in a grocery sack in the back seat of appellant's vehicle. Appellant was then taken to his home where the officers searched his house and found drug paraphernalia.

Appellant contends that the affidavit for the search warrant was insufficient and based on an unreliable informant; therefore, the ensuing search and seizure were unreasonable. In the affidavit in question, the affiant stated: 1) a confidential informant had revealed that appellant was selling marijuana at his residence; 2) the informant had proven reliable in the past; 3) the informant on two occasions had purchased marijuana from the appellant; 4) the informant had seen marijuana in appellant's bedroom and in appellant's vehicle; and 5) surveillance of appellant's home had disclosed excessive traffic going in and out, including a known dealer in drugs. Appellant also argues that the affidavit contains invalidating omissions and errors, but the discrepancies essentially consist of dates being one day off.

In *Thompson* v. *State*, 280 Ark. 265, 658, S.W.2d 350 (1983), we adopted a new test for review of search warrants; that is, the totality of circumstances test as enunciated in *Illinois* v. *Gates*, 103 S. Ct. 2317, 2332, (1983). This affidavit meets the new totality of circumstances test and further passes the even more stringent two-pronged test of *Aguilar* v. *Texas*, 378 U.S. 108 (1964). The *Aguilar* test requires the warrant to state: 1) underlying circumstances from which the informant concluded the items to be seized would be there; 2) underlying circumstances showing the informant's reliability. *James* v. *State*, 280 Ark. 359, 658 S.W.2d 382 (1983). The informant had previously produced informa-

tion resulting in a conviction for burglary, the recovery of stolen property, and the solution of several purse snatchings in Osceola. An informant who has produced information that has resulted in convictions in the past may be considered reliable. *State* v. *Lechner*, 262 Ark. 401, 557 S.W.2d 195 (1977); *Shackleford* v. *State*, 261 Ark. 721, 551 S.W.2d 205 (1977). After the informant told police that appellant was selling marijuana, the informant participated in two controlled purchases of marijuana from appellant and saw marijuana in appellant's vehicle and home. The surveillance of appellant's home also corroborated the informant's information. The trial court did not err in refusing to suppress the search warrant and the evidence seized.

Appellant also contends the trial court should have ordered disclosure of the confidential informant's identity. In this case the charges did not include the actual delivery of a controlled substance, only the possession with intent to deliver. In *Bennett* v. *State*, 252 Ark. 128, 477 S.W.2d 497 (1972), we required disclosure when the defendant was charged with the sale of drugs and the informant actually participated in the crime. We have not required disclosure where a defendant was charged only with possession and the informant merely supplied information leading to the issuance of the search warrant. *Robillard* v. *State*, 263 Ark. 666, 566 S.W.2d 735 (1978); *Brothers* v. *State*, 261 Ark. 64, 546 S.W.2d 715 (1977).

Affirmed.