2011 Ark. App. 14

**Terry Montez MOSS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–336.**

Court of Appeals of Arkansas.

Jan. 12, 2011.

James Paul Clouette, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Brad Newman, Asst. Atty. Gen., Little Rock, for appellee.

LARRY D. VAUGHT, Chief Judge.

After entering a conditional guilty plea to multiple drug offenses,[1] Terry Moss appeals the Sebastian County Circuit Court's denial of his motion to suppress evidence. His motion sought to suppress the fruits of the search of his home, which revealed three hundred Ecstasy pills, seventeen pounds of marijuana, drug paraphernalia, firearms, and cash. On appeal, he argues that the trial court erred in denying his motion to suppress because the affidavit that served as the basis for the search warrant was false, misleading, and defective. We affirm.

In the spring of 2009, Allan Marx, employed by the Sebastian County Sheriff's Office and the Drug Enforcement Administration, received information from a confidential informant that Moss was selling drugs from his home. Acting on this tip,

---

1. Moss pled guilty to possession of marijuana with intent to deliver, maintaining a drug premises, conspiracy to possess benzylpiperazine and trifluoromethylphenylpiperazine (Ecstasy) with intent to deliver, and possession of drug paraphernalia.

Detective Marx set up surveillance of Moss's home, and after several weeks, on May 14, 2009, Marx saw a vehicle with a Texas license plate parked there. Around 1:00 p.m., the detective observed a woman exit Moss's home, enter the Texas vehicle, and drive it away. Within minutes, another officer, Sebastian County Sheriff's Deputy Randy White, conducted a traffic stop of the vehicle, and Detective Marx arrived soon thereafter. The officers learned the identity of the driver, Laquita Thomas. After obtaining consent to search her vehicle, the officers found crack cocaine. According to Detective Marx and Deputy White, Thomas said that she had just left Moss's home, but that around 10:00 a.m. that morning she and Moss smoked marijuana in a "blunt" (a hollowed-out cigar) from a little sack that still had some marijuana in it. Detective Marx testified that Thomas also said that she had been to Moss's house several other times and that each time she was there, she and Moss smoked marijuana together.

Thomas was arrested. At the station, she gave a recorded statement, wherein she said that she smoked marijuana with Moss at his house around 10:00 a.m. She stated that they were smoking marijuana, taken from a small sack, and placed inside a (hollowed-out) cigar. She said that she did not see any pipes, bongs, or scales at Moss's house, and she did not know if he was selling drugs. She added that she had been to Moss's house at least three other times and that every time she was there, they smoked marijuana: "Every time I come up he got a little sack."

Based on this information, Detective Marx drafted an affidavit seeking a search warrant for Moss's home. Marx stated the following in his affidavit:

> On May 14, 2009, I and other officers with the Drug Task Force were conducting surveillance of 140 North 49th Street in Fort Smith, Arkansas. We had previously received information from a confidential informant that the resident of 140 North 49th Street, Terry Moss, was selling large quantities of marijuana and ecstasy out of the residence. While conducting surveillance, I observed a dark-colored SUV with Texas license plate tag number FNK175 leaving 140 North 49th Street in Fort Smith, Arkansas. The vehicle was registered to Laquita Thomas. A traffic stop of that vehicle was conducted at approximately 1:16 p.m. today. Laquita Thomas was driving and gave consent to search the vehicle. A search of the vehicle turned up a quantity of crack cocaine underneath the center console. The substance field-tested positive for crack cocaine.

Laquita Thomas was arrested and transported to the Sebastian County Sheriff's Office. There Laquita Thomas gave a Mirandized statement against her penal interest that she was at 140 North 49th Street to meet with Terry Moss. Laquita Thomas reported that just prior to her arrest at 140 North 49th Street she smoked marijuana with Terry Moss and that Terry Moss had additional quantities of marijuana in the residence. Terry Moss has previously been convicted of Possession of Marijuana in CR–2008–508 and is currently on a suspended imposition of sentence.

Based on my training and experience, persons engaged in the sale and distribution of controlled substances, as reported by the confidential informant, commonly keep records of drug transactions. Said records are kept in paper ledgers, notebooks, as well [as] in digital forms on computer hard drives and removable storage devices.

Based upon the evidence I have outlined in this Affidavit, I have probable cause to search 140 North 49th Street in Fort

Smith, Arkansas, for marijuana, items commonly used to package and ingest marijuana, and items of documentary evidence.

After obtaining a judge's signature on the search warrant, Detective Marx (and other law-enforcement officers) executed the warrant at approximately 3:26 p.m. on May 14, 2009, and discovered the contraband listed above.

Moss moved to suppress the evidence found at his house, arguing that Detective Marx's affidavit contained false and misleading information in order to secure the search warrant of Moss's home. The trial court denied the motion, finding no bad faith on the part of Detective Marx; that the information contained in Detective Marx's affidavit concerned illegal drug activity that allegedly occurred at Moss's house; that Thomas said that prior to her arrest she and Moss smoked marijuana at his residence and that he had additional quantities of marijuana there; and that the statement in the affidavit that Thomas and Moss smoked marijuana "just prior to [Thomas's] arrest," when there was evidence that she smoked it three hours before, was not misleading or inaccurate. After his motion was denied, Moss entered a conditional guilty plea.[2] Moss timely appealed, challenging the trial court's denial of his motion to suppress.[3]

In reviewing the denial of a motion to suppress evidence, our appellate courts conduct a de novo review based upon the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Porter v. State*, 2010 Ark. App. 657, 379 S.W.3d 528. Because a determination of the preponderance of the evidence depends heavily on questions of the weight and credibility of the testimony, we defer to the superior position of the trial court on those questions. *Miller v. State*, 81 Ark.App. 401, 102 S.W.3d 896 (2003).

In Arkansas, the procedure for the issuance of a search warrant is set out in Rule 13.1(b) of the Arkansas Rules of Criminal Procedure. The portions of that rule relevant to the issues in this case provide:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things

2.  These proceedings also included the State's petition to revoke Moss's suspended sentence, which he was serving after pleading guilty on August 29, 2008, to misdemeanor possession of marijuana. Related to the petition to revoke, Moss moved to suppress the evidence found at his home based on the same arguments he is making in the instant case. The trial court denied Moss's motion to suppress in the revocation case and subsequently granted the petition to revoke, which resulted in a one-year sentence in the Sebastian County Detention Center. Moss appealed the revocation, arguing that the trial court erred in denying his motion to suppress. We affirmed in *Moss v. State*, 2010 Ark. App. 613, 2010 WL 3700243 (*Moss I*). At issue in *Moss I*, a revocation case, was whether Detective Marx acted in bad faith in obtaining the search warrant. Because this criminal proceeding does not turn on the issue of Detective Marx's bad faith, our holding in *Moss I* is not dispositive here.

3.  On November 3, 2010, we remanded Moss's appeal because while the addendum in his appellate brief included his motion to suppress, the record on appeal did not, which is a violation of Arkansas Supreme Court Rule 4–2(a) (2010). *Moss v. State*, 2010 Ark. App. 721, 2010 WL 4344555 (*Moss II*). Moss has remedied that deficiency.

are in possession of the person, to be searched.... An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place.

Thus, probable or reasonable cause to believe the things subject to seizure will be found in the particular place identified is required, and this must be established by affidavit or recorded testimony. *Yancey v. State*, 345 Ark. 103, 110, 44 S.W.3d 315, 319 (2001) (citing *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996); Ark. R.Crim. P. 10.1). However, to uphold the validity of an affidavit made in support of a search warrant, it is not necessary that the affidavit be completely without inaccuracy as long as the inaccuracies are relatively minor when viewed in the context of the totality of the circumstances, including the affidavit taken as a whole and the weight of the testimony of the participants who procured and executed the search warrant. *King v. State*, 314 Ark. 205, 210, 862 S.W.2d 229, 232 (1993).

Moss's primary points on appeal challenge the adequacy of Detective Marx's affidavit. He argues that "the most outrageous act" committed by Detective Marx was the making of false statements in his affidavit that intentionally misled the judge who signed the warrant. Specifically, he points to the assertions that Thomas and Moss smoked marijuana "just prior to her arrest" and that Moss "had additional quantities of marijuana in the residence." He argues that these statements were false because Thomas said in a separate recorded statement that she smoked marijuana with Moss around 10:00 a.m., which was three hours before she was arrested, and that she specifically denied having observed other marijuana at the residence.

Our supreme court, in *State v. Rufus*, has set forth the proper analysis for determining whether false material, misleading information, or omissions render an affidavit in support of a search warrant fatally defective. 338 Ark. 305, 314, 993 S.W.2d 490, 495 (1999) (citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). A warrant should be invalidated if a defendant shows by a preponderance of evidence that (1) the affiant made a false statement knowingly and intentionally, or with reckless disregard for the truth, and (2) with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause. *Rufus*, 338 Ark. at 314, 993 S.W.2d at 495.

We conclude that Moss has not satisfied his burden of establishing a *Franks* violation on these points. The trial court found that the statements made by Detective Marx in his affidavit were not false or misleading. Specifically, the trial court found that three hours was sufficiently close in time to justify Detective Marx's statement that Thomas had smoked marijuana with Moss at his house "just prior to her arrest." Likewise, with regard to Detective Marx's statement that there were "additional quantities of marijuana in the residence," the trial court found, based on the testimony of Detective Marx and Deputy White, that Thomas stated during the traffic stop that there were additional quantities of marijuana at Moss's house. As such, we hold that Moss failed to satisfy the first prong of the *Franks* test.

Citing to *Collins v. State*, 280 Ark. 453, 658 S.W.2d 877 (1983), Moss next argues that Detective Marx's affidavit is defective because it failed to reference a specific time when Moss and Thomas allegedly smoked marijuana in the residence and failed to establish that a criminal activity was occurring. In *Collins*, our supreme court reversed and remanded the trial court's denial of a motion to suppress evi-

dence obtained during the execution of a search warrant based upon an officer's affidavit that stated the confidential informant had seen marijuana growing in the defendant's home. *Collins,* 280 Ark. at 455, 658 S.W.2d at 878. The affidavit made no mention of *when* the informant had seen the marijuana; therefore, the supreme court held that the affidavit failed to state when the criminal activity occurred, which rendered it defective. *Id.* at 456–57, 658 S.W.2d at 879.

■ The facts in the instant case are distinguishable. Detective Marx's affidavit contains a date reference and a time reference, outlining when the criminal activity occurred. He stated that he was conducting surveillance on Moss's residence on May 14, 2009, when he witnessed Thomas leave the home. According to the affidavit, Thomas was stopped that day at 1:16 p.m. and that she, "just prior to her arrest," smoked marijuana at Moss's home and that there was still some marijuana there. These facts provide sufficient information concerning the existence and timing of criminal activity.

■ Moss next calls into question the validity of Marx's affidavit because it requested the seizure of items (paper ledgers, notebooks, computer hard drives, and paraphernalia) without any information that the items were at Moss's residence. However, based on the information provided by Thomas, we hold that there was reasonable cause to believe that there was drug paraphernalia (specifically drug sacks and a blunt) at Moss's home.

■ |₈Moss also argues that Marx's affidavit was invalid because it referenced the confidential informant ·without indicating his or her reliability, and it improperly referenced Moss's prior criminal history. Assuming that the references to the confidential informant and Moss's prior crimi-

nal history information in the affidavit were improper, we hold that they were of no consequence because probable cause for the issuance of the search warrant was established through the statements provided by Thomas. In other words, on this point Moss fails to establish the second prong of a *Franks* violation—that setting aside the affidavit's improper information, the affidavit's remaining content is insufficient to establish probable cause. *Rufus,* 338 Ark. at 314, 993 S.W.2d at 495.

■ The final argument raised by Moss is that Detective Marx violated Rule 13.3(c) of the Arkansas Rules of Criminal Procedure when he failed to present a copy of the search warrant to Moss's wife when the warrant was executed. However, we note that Moss's counsel at trial conceded that Moss was not prejudiced by the failure to serve his wife with the warrant. We further note that after this concession, the trial court made no ruling on the issue. We will not consider arguments raised for the first time on appeal, and without a ruling by the lower court there is nothing for this court to review. *Ainsworth v. State,* 367 Ark. 353, 359, 240 S.W.3d 105, 110 (2006).

In sum, based on the totality of the circumstances as outlined above, we hold that the trial court's findings are not against the preponderance of the evidence, and we affirm its denial of Moss's motion to suppress.

Affirmed.

HART and GLOVER, JJ., agree.