Cite as 2021 Ark. App. 36

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-300

| | |
|---|---|
| | **Opinion Delivered:** January 27, 2021 |
| STEVEN DELONEY | |
| APPELLANT | APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41CR-16-101] |
| V. | |
| | HONORABLE CHARLES A. YEARGAN, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Steven Deloney appeals after he was convicted by a Little River County Circuit Court jury of possession of methamphetamine with purpose to deliver ten grams or more but less than two hundred grams, and he was sentenced as a habitual offender to serve 480 months' imprisonment in the Arkansas Department of Correction. On appeal, appellant argues that (1) the circuit court erred in denying his specific motions for discovery of relevant information and evidence and in denying his motions to suppress evidence obtained from the search warrant, and (2) the good-faith exception to suppression of items seized in the search does not apply because the agents presenting the false information are also those who executed the search warrant. We affirm.

I. *Relevant Facts*

Appellant was charged by amended information with possession of methamphetamine or cocaine with purpose to deliver ten grams or more but less than two

hundred grams in violation of Arkansas Code Annotated section 5-64-420(b)(3) (Repl. 2016), a Class A felony. The amended information further notified appellant that the State sought to enhance any punishment since appellant was a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(b)(2)(B) & (E) (Supp. 2019).[1] These charges arose after law enforcement executed a search warrant at appellant's home in Ashdown, Arkansas, on October 13, 2016. As a result of that search, law enforcement found a set of digital scales in the room where appellant was hiding, and a bag of suspected methamphetamine was found in the pockets of the pants that appellant was wearing. When appellant was asked whether there was any more methamphetamine in the house, appellant shook his leg, and a sandwich-sized bag of methamphetamine fell out of his pants leg. Later, it was confirmed that the substance in the sandwich-sized bag was methamphetamine and weighed 36.8057 grams. The substance in the bag found in the pants pocket of appellant weighed 0.5970 grams but was never tested. Appellant was arrested, and the above-described charges were subsequently filed.

The substance of this appeal pertains to the preparation of the search warrant. Four days prior to the execution of the search warrant, on October 9, 2016, Special Agent Jon Butler of the South Central Drug Task Force swore an affidavit applying for the search and seizure warrant. In the affidavit, Special Agent Butler stated that he used a confidential informant (CI) to perform three controlled buys from appellant at appellant's residence,

---

[1]Appellant was also charged with possession of drug paraphernalia to ingest, inhale, etc., in violation of Arkansas Code Annotated section 5-64-443(a)(2) (Supp. 2019), a Class D felony; however, that charge was subsequently nolle processed.

justifying the warrant. Regarding the most recent controlled buy on October 8, 2016, Special Agent Butler stated the following:

> Within the past 48 hours SCDTF [South Central Drug Task Force] Special Agent's (SA) Jon Butler, SA Zane Butler, and Ashdown Police Officer Boyd Kennemore met with a Confidential Informant (CI) at a staging area located in Little River County, Arkansas. The CI met with agents to attempt to purchase methamphetamine from a black male known to the CI as Steven Deloney in Ashdown AR. Officer Boyd Kennemore and SA Zane Butler is familiar with Steven Deloney and knows him to sell methamphetamine. SA Jon Butler searched the CI and the CI's vehicle to be clear of any money, drugs or weapons. SA Jon Butler photographed the buy money and a picture will be part of this case file. Buy money Serial #'s are as follows . . . . After providing the CI with the money and recording devises, the CI drove to 835 west side drive in Ashdown Arkansas which is located [in] Little River County. SA Jon Butler, SA Zane Butler and Officer Kennemore maintained surveillance of the CI from 835 west side drive to the pre-arranged staging area. After arriving at the pre-arranged staging area SA Jon Butler was able to secure the recording devices, and 2 small plastic bag[s] of suspected methamphetamine. The CI stated that the methamphetamine was purchased from Steven Deloney.
>
> SA Jon Butler searched the CI and CI's vehicle for money, drugs and weapons and found the CI and the CI's vehicle to be free of any contraband. SA Jon Butler reviewed the video from the transaction. SA Jon Butler found that the transaction was captured on camera. The CI can be seen handing Steven Deloney the money and Steven Deloney can be seen handing the methamphetamine to the CI.

A search and seizure warrant was granted on the same date, October 9, 2016, and it was executed on October 13, 2016.

On July 19, 2017, after appellant was charged, he filed a discovery motion for production of documentary or digital evidence. In relevant part, appellant alleged that he believed documentary or digital evidence existed that was used to establish probable cause to obtain the search warrant. Appellant explained that he needed the opportunity to analyze that evidence before trial. A hearing was held on August 8, 2017, and the State explained that there was not any digital evidence that had not been provided to appellant's counsel or

in which appellant's counsel had not had the opportunity to go to the State's office to inspect. Appellant's counsel indicated that he would visit the State's office later that day, and another pretrial date was set.

Thereafter, appellant's counsel filed a motion to suppress. Appellant alleged that certain physical evidence should be suppressed because "[t]he search was conducted with a warrant, but the warrant was defective in that neither the Confidential Informant, nor the recording device, nor video recording device evidence was given to Defense Counsel to study them, prepare and defend this case, interfering with the Defendant's Fourth Amendment rights."

At the September 12, 2017, hearing, appellant's counsel moved to withdraw as counsel. Nevertheless, counsel also discussed the video and other evidence that was used as the basis of the search warrant as outlined in the motion to suppress. The State contended that it had shared everything in its file with counsel and that counsel was not entitled to a video of the controlled buy because any charges that could have resulted from the controlled buy were not part of this case, the CI was not present when the officers executed the search warrant, and the CI was not going to be called as a witness at trial. That said, counsel was shown a portion of the video that Special Agent Zane Butler had on his cell phone off the record. At the conclusion of the hearing, the circuit court continued the case to allow appellant to obtain new counsel.

Before appellant's counsel was dismissed, he refiled the motion to suppress on September 25, 2017, making the same allegations as in the August 14, 2017, motion. Another pretrial hearing was held on November 14, 2017. Appellant's new counsel

4

represented him at that hearing. Counsel argued that he needed more time to prepare for the case and anticipated requesting a hearing to obtain additional evidence regarding the CI. After further discussion, the circuit court set a motions hearing for December 8, 2017, and a trial date of December 21, 2017.

On December 4, 2017, appellant's new counsel filed a motion to adopt appellant's former counsel's motion to suppress. At the December 8, 2017, pretrial hearing, appellant's new counsel argued that he should be entitled to view the video and receive information regarding the CI to challenge the search and seizure warrant. Counsel explained that he had not viewed the video but that appellant's former counsel told him that the portion shown to appellant's former counsel only showed sets of hands exchanging the drugs for money and not the faces of the CI or appellant. Therefore, counsel argued that the affidavit contained falsities, that there was nothing to show that appellant was present at the controlled buys, and that the evidence should therefore be suppressed. The State responded that appellant was not entitled to the identity of the CI or the video because the CI was not present during the search warrant, and the CI was not privy to any of the facts underlying the arrest or the charges of this particular case. Further, the State explained that it was appellant's burden to put on evidence to prove the falsity of the affidavit before he was allowed to proceed further and attack the affidavit used to obtain the search warrant. During the hearing, the circuit court briefly recessed and allowed appellant's counsel to view the same portion of the video that appellant's former counsel did. After appellant's counsel viewed the portion of the video, counsel again argued that the search was made due to a false affidavit and that the affidavit had not been proved reliable. Counsel asked for the

5

disclosure of the CI. The circuit court denied appellant's motions and explained that there was no basis for the disclosure of the identification of the CI and that there was no evidence presented to the court that shows the affidavit for the application of a search warrant was false.

A jury trial was held on December 21, 2017, and appellant renewed his motion to suppress. Appellant's counsel argued that he was entitled to view the entire video and that the evidence should be suppressed. The circuit court denied his motion. After a trial, the jury found appellant guilty, and the circuit court sentenced appellant as a habitual offender to serve 480 months' imprisonment in the Arkansas Department of Correction. This appeal followed.[2]

## II. *Appellant's Motions*

In his first point on appeal, appellant argues that the circuit court erred in denying his specific motions for discovery of relevant information and evidence and in denying his motions to suppress evidence obtained from the search warrant. We affirm on this point for the reasons stated herein.

### A. Motion to Suppress Evidence Obtained from the Search Warrant

In reviewing a circuit court's denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical fact for clear error and determining whether those facts give rise to reasonable suspicion or probable

---

[2]We note that the full record was not lodged on appeal until February 6, 2020. However, our supreme court granted appellant's motion for rule on clerk to allow the record to be filed on February 6, 2020, and our supreme court subsequently transferred this case to our court on the same date. Thus, we properly have jurisdiction.

cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings. *Baird v. State*, 357 Ark. 508, 182 S.W.3d 136 (2004). We defer to the superior position of the circuit court to evaluate the credibility of witnesses at a suppression hearing, and any conflicts in the testimony of witnesses are for the circuit court to resolve. *Id.* We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Miller v. State*, 2010 Ark. 1, 362 S.W.3d 264.

First, appellant argues that the facts constituting probable cause in the application for the search warrant "were assumptions and judgments made by the law enforcement officers involved which was on the face of the application's facts that . . . should not have been considered as relevant to [probable cause]." He complains that the affidavit included statements regarding appellant's past criminal history and law enforcement's knowledge that appellant was selling methamphetamine. Appellant argues that the magistrate should not have considered such statements in determining whether probable cause existed. He additionally complains that there was "no indication in the affidavit, other than the CI driving to the address, that any controlled buys were conducted inside the home" or that law enforcement had proof that the CI drove to appellant's address." In short, appellant alleges that the facts were deficient to constitute probable cause. However, an issue must be raised to the circuit court to be preserved for appellate review. *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007). Further, an appellant must develop his or her arguments before the circuit court and obtain a ruling on them; accordingly, the new arguments raised here on appeal are simply not preserved for our review. *Anderson v. State*, 2011 Ark. 461, 385

S.W.3d 214; *Eastin, supra.* Here, appellant failed to raise any of these specific issues before the circuit court; therefore, they are not preserved for appellate review.

Appellant further argues under this point on appeal that the evidence obtained from the execution of the search warrant should have been suppressed because Special Agent Jon Butler falsely stated in his affidavit that "[t]he CI can be seen handing Steven Deloney the money and Steven Deloney can be seen handing the methamphetamine to the CI." Appellant explains that the statement was false because the portion of the video shown to defense counsel only showed two sets of hands making the exchange but did not specifically show the face of either the CI or the appellant.

The United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154 (1978), provided the proper analysis for determining whether false material, misleading information, or omissions render an affidavit in support of a search warrant fatally defective. A warrant should be invalidated if a defendant shows by a preponderance of the evidence (1) that the affiant made a false statement knowingly and intentionally or with reckless disregard for the truth and (2) that with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause. *State v. Rufus*, 338 Ark. 305, 993 S.W.2d 490 (1999). Similarly, when an officer omits facts from an affidavit, the evidence will be suppressed if the defendant establishes by a preponderance of the evidence that (1) the officer omitted facts knowingly and intentionally or with reckless disregard, and (2) the affidavit, if supplemented with the omitted information, is insufficient to establish probable cause. *Id.* To uphold the validity of an affidavit made in support of a search warrant, it is not necessary that the affidavit be completely without inaccuracy as long as the inaccuracies are relatively

8

minor when viewed in the context of the totality of the circumstances, including the affidavit taken as a whole and the weight of the testimony of the participants who procured and executed the search warrant. *Bragg v. State*, 2016 Ark. App. 378, 499 S.W.3d 261 (citing *Moss v. State*, 2011 Ark. App. 14, 380 S.W.3d 479).

While appellant alleges that Special Agent Butler's statement in the affidavit that "[t]he CI can be seen handing Steven Deloney the money and Steven Deloney can be seen handing the methamphetamine to the CI" is false, the allegation must be reviewed in context. The affidavit states that the officers met with the CI at a staging area. The officers searched the CI and the CI's vehicle for any money, drugs, or weapons and found none. The officers provided the CI with buy money and two recording devices. The CI drove to appellant's residence, and the officers maintained surveillance. After the transaction was completed, the CI and the officers drove to another prearranged staging area. Special Agent Butler secured the recording devices and the two plastic bags of suspected methamphetamine that the CI stated he purchased from appellant. The officers then searched the CI's vehicle for any money, drugs, or weapons and found none. The affidavit then makes the following statement: "SA Jon Butler found that the transaction had been captured on camera. The CI can be seen handing Steven Deloney the money and Steve Deloney can be seen handing the methamphetamine to the CI." It is this last sentence that appellant claims is false.

The excerpted portion of the video that was described by Special Agent Butler in his affidavit, which appellant complains is false, literally showed the exchange or "handing" of the money and methamphetamine. It showed the hands of the CI and the hands of

9

appellant, but neither's face.  While this specific limited excerpt from the affidavit may be imperfect, it cannot be said to be false or inaccurate when taken in context.  However, even assuming arguendo that we were to agree with appellant that Special Agent Butler's statement that "[t]he CI can be seen handing Steven Deloney the money and Steven Deloney can be seen handing the methamphetamine to the CI" was false, the affidavit's remaining content was still sufficient to establish probable cause.  *See Rufus, supra.* Additionally, as stated above, it is not necessary that the affidavit be completely without inaccuracy as long as the inaccuracies are relatively minor when viewed in the context of the totality of the circumstances, which we hold is the case here.  *See Bragg, supra.* Furthermore, the affidavit describes two additional separate instances in which a CI was used to perform controlled buys from appellant at appellant's residence.  It is unclear from the affidavit whether the same CI was used in each instance.  Regardless, each time, law enforcement searched the CI to ensure that he did not have any drugs, money, or weapons; provided the CI with money to purchase the methamphetamine from appellant in appellant's residence; and observed the CI drive to appellant's address, enter the residence, and return with the purchased methamphetamine.  Reviewing these facts in the context of the totality of the circumstances as set for in *Bragg, supra*, we disagree with appellant's argument that the court erred in failing to grant the motion to suppress evidence because the search warrant was defective in that the affidavit contained a false statement.

Appellant also argues that the search warrant was defective because the affidavit did not establish the reliability of the CI.  While it is true that the affidavit does not address the CI's reliability, that is not a fatal flaw under these circumstances that merits suppression.

10

Arkansas Rule of Criminal Procedure 13.1(b) provides that "[f]ailure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place." When an affidavit is based on an officer's personal observations, the fact that it does not also establish an informant's reliability is not fatal. *See Hampton v. State*, 2011 Ark. App. 559. In a similar case, our supreme court previously held that an affiant officer's account of the controlled drug buy was sufficient to establish probable cause without also establishing the reliability of the CI who assisted the officers. *See Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. Here, as set forth above, Special Agent Butler's affidavit describing the controlled buy was sufficient to establish probable cause without establishing the reliability of the CI.

Accordingly, we affirm the circuit court's decision.

### B. Motion for Discovery

Next, appellant argues under this point on appeal that the circuit court erred in failing to provide the video captured during the controlled buy in its entirety and to require the State to divulge the identity of and information about the CI. He explains he needed the video to prove that the "video did not show the Appellant in any identifiable fashion as a person who took part in the controlled buy with the CI." He further explains that without knowing the identity and background of the CI, he could not "examine any first-hand knowledge of these alleged controlled buys and compelling that individual to court." These arguments, however, lack merit under the particular circumstances of this case.

We review rulings regarding alleged violations of discovery rules for abuse of discretion. *Harmon v. State*, 2020 Ark. 217, 600 S.W.3d 586. Further, a prosecutorial discovery violation does not automatically result in reversal. *Duck v. State*, 2018 Ark. 267, 555 S.W.3d 872. The key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose, and absent a showing of prejudice, we will not reverse. *Id.*

Here, appellant requested to review the entire video recording of the transaction between appellant and the CI. The circuit court refused the request but allowed appellant to review an excerpt of the video that displayed the exchange or "handing" of the money and methamphetamine. Assuming arguendo that the circuit court erred in finding that appellant was not entitled to receive the entire video taken during the last controlled buy but instead allowed appellant to see only a portion of it, appellant has failed to show how he was prejudiced. As already explained, appellant stated in his brief on appeal that the video was needed to show that Special Agent Butler falsely stated appellant can be seen in the video when the video did not show appellant's face. However, as stated above, even if the statements regarding the video in the affidavit were excluded, the affidavit's remaining content was sufficient to establish probable cause. As such, the appellant cannot show prejudice, and we must affirm.

Regarding the identity of and information about the confidential informant, our appellate case law is clear that appellant was not entitled to the information under the circumstances of this case. Arkansas Rule of Criminal Procedure 17.5 states that "[d]isclosure shall not be required of an informant's identity where his identity is a

prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant. This subsection shall not be construed to permit refusal to disclose the identity of witnesses to be produced at any hearing or at trial." In *Jackson*, our supreme court held the following:

> Appellant also contends the trial court should have ordered disclosure of the confidential informant's identity. In this case the charges did not include the actual delivery of a controlled substance, only the possession with intent to deliver. In *Bennett v. State*, 252 Ark. 128, 477 S.W.2d 497 (1972), we required disclosure when the defendant was charged with the sale of drugs and the informant actually participated in the crime. *We have not required disclosure where a defendant was charged only with possession and the informant merely supplied information leading to the issuance of the search warrant. Robillard v. State*, 263 Ark. 666, 566 S.W.2d 735 (1978); *Brothers v. State*, 261 Ark. 64, 546 S.W.2d 715 (1977).

*Jackson v. State*, 283 Ark. 301, 303, 675 S.W.2d 820, 822 (1984) (emphasis added); *see also Reyes v. State*, 329 Ark. 539, 954 S.W.2d 199 (1997); *Heard v. State*, 316 Ark. 731, 876 S.W.2d 231 (1994); *Sanchez v. State*, 288 Ark. 513, 707 S.W.2d 310 (1986); *Toland v. State*, 285 Ark. 415, 688 S.W.2d 718 (1985). Similarly, here, appellant was not charged with any crimes as a result of the controlled buys. Instead, in relevant part, he was charged with possession of methamphetamine with purpose to deliver ten grams or more but less than two hundred grams after the execution of the search warrant. The State did not anticipate calling the CI as a witness, and the CI was not present at the execution of the search warrant. Instead, the CI only provided information that led to the issuance of the search warrant. Therefore, under the facts of this case, disclosure was not required, and we affirm.

### III. *Good-Faith Exception*

Appellant finally argues that if we agree with his first point on appeal, the good-faith exception to suppression of items seized in the search does not apply to prevent their

suppression here because the agents presenting the false information were also the ones who executed the search warrant. However, because we do not agree with appellant's arguments in his first point on appeal, we need not discuss whether the good-faith exception applies. In conclusion, we affirm the circuit court's decision.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*The Law Office of Darrell F. Brown, Jr.*, by: *Darrell F. Brown, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.